United States District Court
Southern District of Texas
**ENTERED**
July 26, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN VASQUEZ, | § § § § | |
| Plaintiff, | | |
| VS. | § § § § § § § § | CIVIL ACTION NO. 4:22-CV-01786 |
| CAPSTONE HEALTHCARE ESTATES, *et al.*, | | |
| Defendants. | | |

## ORDER

A review of Plaintiff's request to proceed *in forma pauperis* reveals that he cannot afford to pay the $402.00 filing fee. ECF No.'s 5 and 9. Accordingly, Plaintiff's application to proceed *in forma pauperis* (ECF No. 9) is **GRANTED**. *See Jones v. Louis Vouitton*, 544 F. App'x 460 (5th Cir. 2013) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948)).

Plaintiff has also filed a Motion for Appointment of Counsel. ECF No. 10. "There is no right to appointment of counsel in civil cases, but a district court may appoint counsel if doing so 'would aid in the efficient and equitable disposition of the case.' " *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018) (citing *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (per curiam)); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). "To make this determination, district courts consider '(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.' " *Id.* (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (cleaned up)). Ultimately, however, "appointment of counsel should be

reserved for cases presenting 'exceptional circumstances.' " *Id.* (quoting *Ulmer*, 691 F.2d at 213).

"Before addressing whether exceptional circumstances exist, the court should generally screen the complaint under 28 U.S.C. § 1915(e)(2), which considers whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." *Wiley v. Dep't of Energy*, 2021 WL 6493002, at *2 (E.D. La. June 2, 2021). Indeed, federal courts are "duty-bound to examine [their] subject-matter jurisdiction sua sponte." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017). Here, Plaintiff includes the following claims in his First Amended Complaint:

> Wrongful Death, Inexcusable Neglect, past and present deficiencies, failure to provide quality care, and to keep the elderly safe. Additionally, the lawsuit alleges one, two or more medical negligence, one, two or more corporate negligence, duty inform abuse or bad acts. And, the Failure to implement COVID-19 exposure control efforts. The Plaintiff seeks unspecified Damages.

ECF No. 8.[1] This description, in conjunction with the "Discussion Points" in Plaintiff's First Amended Complaint, lead to the inescapable conclusion that Plaintiff's claims are state law claims. The Court therefore lacks federal question jurisdiction; this case does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition, while Plaintiff claims an amount in controversy of $8 million, his First Amended Complaint alleges that there are citizens of Texas on both sides of this controversy. *See* ECF No. 8 at 1–2 (alleging that Plaintiff and several defendants are residents of Texas). The Court therefore lacks diversity jurisdiction; this case is not between "citizens of different States." 28 U.S.C. § 1331.

---

[1] There is no evidence in the record as to when (or whether) Plaintiff has served any defendants with his original Complaint. The application of Federal Rule of Civil Procedure 15(a) to Plaintiff's First Amended Complaint is therefore a bit uncertain. FED. R. CIV. P. 15(a). Regardless, the Court permits Plaintiff leave to file his First Amended Complaint, so that pleading will be treated as the operative one. And even if the Court were to treat Plaintiff's original Complaint as the operative pleading, that would not change the jurisdictional analysis presented herein.

Writ large, then, the Court lacks subject-matter jurisdiction over Plaintiff's claims. Plaintiff may have a cognizable basis for relief on these claims in state court, but his First Amended Complaint does not give this Court jurisdiction. The Court therefore **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 10) **AS MOOT**. *See Wiley*, 2021 WL 6493002 at *2 (noting that a court's inquiry into the validity of the complaint should precede its analysis of a motion for appointment of counsel).[2]

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this 22nd day of July, 2022.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff states in his Motion for Appointment of Counsel that he has made diligent efforts to employ counsel. ECF No. 10 at 1. Plaintiff may also wish to consider obtaining *pro bono* counsel. To that end, Plaintiff is encouraged to contact the Houston Volunteer Lawyers Program (www.hvlp.org; 713-228-0735) and/or Lone Star Legal Aid (www.lonestarlegal.org; 713-652-0077) for further assistance.